UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**DOUGLAS SHANE TAMCKE**,<br><br>Debtor. | Case No. **09-60833-13** |

*MEMORANDUM of DECISION*

At Butte in said District this 22nd day of July, 2009.

In this Chapter 13 bankruptcy, after due notice, a hearing was held July 14, 2009, in Butte on: (1) confirmation of Debtor's Amended Chapter 13 Plan filed June 7, 2009; and (2) the Motion to Modify Stay filed by Peoples Bank of Deer Lodge on June 18, 2009.  Attorney Daniel R. Sweeney of Butte, Montana, represented the Debtor at the hearing.  Attorney John Grant of Helena, Montana represented the Peoples Bank of Deer Lodge. The Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, also appeared at the hearing.  Debtor Douglas Shane Tamcke testified as did Mark Anderson, a Senior Credit Officer at the Peoples Bank of Deer Lodge.  The Peoples Bank of Deer Lodge's Exhibits A through K and Debtor's Exhibit 1 were admitted into evidence without objection.

This Court has original and exclusive jurisdiction of this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a).  The pending matters are core proceedings under 28 U.S.C. § 157.  This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

**FACTS**

Debtor borrowed $850,000 from the Peoples Bank of Deer Lodge on or about July 6,

1

2006.  Debtor's loan is secured by a Real Estate Mortgage dated the same date.  Debtor's Note and Mortgage to the Peoples Bank of Deer Lodge were modified on October 26, 2007.  The payoff on the aforementioned obligation as of July 8, 2009, was $985,172.66.

Debtor also borrowed an additional $371,898.99 from the Peoples Bank of Deer Lodge on July 6, 2006.  Said loan is similarly secured by a Real Estate Mortgage (Mortgage Loan No. 8009927-20).  Mortgage Loan No. 8009927 was modified on October 26, 2007.  The payoff on Loan No. 8009927 as of July 8, 2009, was $256,352.12.

Debtor did not make the regular annual payments that were due February 15, 2009, on the above two loans.  Debtor commenced this Chapter 13 bankruptcy on May 10, 2009, and prior to that date, the Peoples Bank of Deer Lodge had not commenced any type of state court action against Debtor.

The parties agree that the value of Debtor's real property that secures the two loans discussed above is $3,000,000.00.  Similarly, Debtor does not dispute that he owes the Peoples Bank of Deer Lodge $1,241,524.78 as of July 8, 2009.  Debtor also did not dispute that interest accrues on the two real estate loans at the rate of $208.98 per day.

On June 18, 2009, Debtor filed a motion to dismiss this case on grounds that "Debtor's secured debt is more than the required amount to be eligible for a Chapter 13."  The Chapter 13 Trustee filed a consent to Debtor's motion to dismiss on June 22, 2009.  Debtor, however, filed a combined withdrawal of his motion to dismiss and a motion to convert case to Chapter 12 on June 30, 2009.  The Court has not received any objection to Debtor's motion to convert to Chapter 12.  Given the absence of any opposition to conversion of this case to Chapter 12, the Court stated at the hearing that it would enter an order converting this case to Chapter 12.

Consequently, the hearing on confirmation of Debtor's Amended Chapter 13 plan was vacated. Thus, the only matter left for the hearing was the Motion to Modify Stay filed by the Peoples Bank of Deer Lodge. The Peoples Bank of Deer Lodge seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2), but offers no authority, other than 11 U.S.C. § 362(d), to support its motion.

## APPLICABLE LAW

The commencement of a case under the Bankruptcy Code generally stays any and all proceedings against debtors. 11 U.S.C. § 362(a); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The importance of the automatic stay is discussed in the legislative history of § 362:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 340-42 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978); *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787 at 5840-41 and 6296-97.

The fundamental debtor protections afforded by § 362(a), however, are not absolute. 11 U.S.C. 362(d). As explained in § 362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

3

> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

Except for the issue of a debtor's equity in property, in a proceeding on a motion to modify the automatic stay, the debtor has the burden of proof to show that the stay should not be modified or annulled. *In re National Envtl. Waste Corp.*, 191 B.R. 832, 836 (Bankr. C.D.Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997); *In re Syed*, 238 B.R. 126, 132 (Bankr. N.D.Ill. 1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr. N.D.Ill. 1991); 11 U.S.C. § 362(g).

As noted above, § 362(d)(1) allows a court to grant relief from the automatic stay for cause, "including the lack of adequate protection." Thus, even if a creditor's interests are adequately protected, there may still be cause for relief under § 362. The term "cause" is not defined in the Bankruptcy Code, but what constitutes cause under § 362(d)(1) is decided on a case-by-case basis.

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

## DISCUSSION

With respect to the Peoples Bank of Deer Lodge's request for relief from the automatic

stay under 11 U.S.C. § 362(d)(2), it is clear that Debtor has equity in his property and thus, that provision is not applicable on its face. Notwithstanding Debtor's equity in the property, the Peoples Bank of Deer Lodge seeks relief from the automatic stay arguing that Debtor's "inordinate" delay in this case constitutes cause to lift the stay under 11 U.S.C. § 362(d)(1).

As noted above, lack of adequate protection is generally the type of cause that warrants relief under 11 U.S.C. § 362(d)(1). However, the Peoples Bank of Deer Lodge concedes that it is adequately protected, but argues instead that Debtor's actions are delaying this case, and thus, relief from the automatic stay is warranted.

One bankruptcy commentator has noted that courts have found cause for relief from the automatic stay where a contract has been terminated prepetition with the debtor having no executory interest to assume, *In re Greenfield Dry Cleaning & Laundry, Inc.*, 249 B.R. 634, 644 (Bankr. E.D. Pa. 2000); where the debtor's equity of redemption in real property has been terminated prior to the bankruptcy filing, *Matter of Loubier*, 6 B.R. 298, 303 (Bankr. D.Conn. 1980); where the debtor engages in misconduct, *In re White*, 8 B.R. 247, 248 (Bankr. C.D.Cal. 1981); where the debtor fails to make payments under a plan without adequate justification, *In re Garcia*, 42 B.R. 33, 35 (Bankr. D.Colo. 1984); where the debtor fails to honor a postpetition settlement, *In re Wieseler*, 934 F.2d 965 (8th Cir. 1991); where the debtor fails to make regular payments to a secured creditor for a substantial period of time, *In re O'Hara Bros., Inc.*, 151 B.R. 702 (Bankr. E.D.Pa. 1993); where the debtor fails to make regular mortgage payments and fails to maintain property insurance, *In re Jones*, 189 B.R. 13, 15 (Bankr. E.D.Okla 1995); where the debtor is unable to propose a confirmable plan, *In re Pennsylvania Footwear Corp.*, 204 B.R. 165, 183 (Bankr. E.D.Pa. 1997); where debtors filed successive Chapter 13 petitions and did not

5

file monthly statements or make plan payments, *In re Merchant*, 256 B.R. 572 (Bankr. W.D.Pa. 2000); and where the debtor's bankruptcy petition is not filed in good faith, *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996).

In *Duvar Apt.,* 205 B.R. 196, the Bankruptcy Appellate Panel of the Ninth Circuit held that bad faith conduct in filing a bankruptcy could be cause for granting a party relief from the stay. However, in *Duvar*, the Court noted that while delay in and of itself does not constitute bad faith, "a court can consider delay coupled with other bad faith factors in determining the harm to a particular creditor." 205 B.R. at 201. In the case *sub judice*, the Peoples Bank of Deer Lodge has not alleged any bad faith conduct on the part of Debtor.

Moreover, the Peoples Bank of Deer Lodge has not shown that the alleged delay in this case is unreasonable. As the party seeking relief, the Peoples Bank of Deer Lodge must first establish a *prima facie* case that cause exists for relief under § 362(d)(1). *United States v. Gould (In re Gould)*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a *prima facie* case has been established, the burden shifts to Debtor to show that relief from the stay is not warranted under § 362(g)(2). *Gould*, 491 B.R. at 426; *Duvar Apt.*, 205 B.R. at 200. In this case, the Peoples Bank of Deer Lodge has failed to show that it has any colorable claim and thus, it has failed its initial burden to show cause that the automatic stay should be lifted.

The Court would acknowledge that Debtor's counsel should have recognized from the start that Debtor was not eligible for relief under Chapter 13 of the Bankruptcy Code. It appears that Debtor's counsel sought to rectify Debtor's ineligibility issue by dismissing the case. However, after conferring with bankruptcy counsel James A. Patten of Billings, Montana, Debtor

6

obviously discovered that it was more beneficial to convert his case to Chapter 12 of the Bankruptcy Code. The Court is not convinced by the Peoples Bank of Deer Lodge that two months was unreasonable for Debtor to attempt to fix his eligibility issue, particularly where Debtor sought to employ a real estate agent on June 4, 2009, to sell a portion of Debtor's real property, and then filed a Chapter 13 Plan on June 7, 2009, providing for the sale of approximately 640 acres for $1.3 million to fund his plan.

For the reasons discussed herein, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtor's Motion to Convert Case to Chapter 12 filed June 30, 2009, is GRANTED; and this case is converted to Chapter 12 of the Bankruptcy Code.

IT IS FURTHER ORDERED that the Motion to Modify Stay filed by Peoples Bank of Deer Lodge on June 18, 2009, is DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana