UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**DOUGLAS SHANE TAMCKE**,

Debtor.

Case No. **09-60833-12**

# MEMORANDUM of DECISION

At Butte in said District this 8th day of March, 2011.

In this Chapter 12 bankruptcy, after due notice, a hearing was held February 14, 2011, in Butte on oversecured creditor Peoples Bank of Deer Lodge's ("Peoples Bank") Application for Professional Fees and Costs filed December 16, 2010, wherein Peoples Bank requests approval of fees in the amount of $18,584.25 and costs in the amount of $308.34. Debtor objects to approval of $1,892.50 of the requested fees. John H. Grant of Helena, Montana appeared at the hearing on behalf of Peoples Bank; James A. Patten of Billings, Montana appeared at the hearing on behalf of Debtor. Exhibit 1 was admitted into evidence without objection.

FACTS

Debtor sought protection under Chapter 13 of the Bankruptcy Code on May 10, 2009. Upon request of Debtor, the case was subsequently converted to Chapter 12 of the Bankruptcy Code on July 22, 2009.

Peoples Bank filed a proof of claim on July 16, 2009, asserting a secured claim in the

1

amount of $1,251,510.29, as of July 8, 2009. The aforementioned debt is secured by property of Debtor which in section 4 of the Proof of Claim, Peoples Bank values at $3 million. The Summary of Debt attached to Peoples Bank's Proof of Claim shows that the claim consists of principal in the amount of $1,166,599.40; interest in the amount of $81,005.49; legal fees of $3,215.40; late charges of $40.00; and $650.00 for "Attorneys' Fees and Costs for filing Motion ($500 fees + $150 costs). Debtor has not objected to Peoples Bank's Proof of Claim.

On June 18, 2009, Peoples Bank filed a motion seeking relief from the automatic stay on grounds Debtor's "inordinate" delay in this case warranted relief under 11 U.S.C. § 362(d)(1). Following a hearing held July 14, 2009, the Court entered a Memorandum of Decision and Order on July 22, 2009, denying Peoples Bank's motion to modify stay. As noted by the Court in the July 22, 2009, Memorandum of Decision: "The parties agree that the value of Debtor's real property that secures the two loans discussed above is $3,000,000.00. Similarly, Debtor does not dispute that he owes the Peoples Bank of Deer Lodge $1,241,524.78 as of July 8, 2009. Debtor also did not dispute that interest accrues on the two real estate loans at the rate of $208.98 per day." Given Debtor's substantial equity cushion in the property, the Court denied Peoples Bank's motion, concluding that Peoples Bank had failed to show "that the alleged delay in this case is unreasonable."

Debtor now opposes $1,892.50 of Peoples Bank's requested fees arguing that the fees and costs incurred by Peoples Bank in filing and prosecuting its motion to modify stay are not reasonable and should not be approved by the Court. The Court agrees.

APPLICABLE LAW and DISCUSSION

"The amount of a creditor's 'claim' is typically determined as of the petition date, and

includes the principal amount of the obligation plus all matured prepetition interest, fees, costs, and charges owing as of the petition date. The allowability of these prepetition amounts as part of the secured creditor's 'claim' is not determined by section 506, but is governed by section 502 in conjunction with other provisions of the Code." 4 COLLIER ON BANKRUPTCY, ¶ 506.04[1] (15th ed. rev.). "Section 506(b) prescribes that postpetition interest, fees, costs or charges may be added as part of the allowed amount of an allowed secured claim to the extend that the claim is oversecured." *Id*.

Debtor does not oppose any of Peoples Bank's prepetition fees under 11 U.S.C. § 502.[1] Rather, as noted earlier, Debtor only disputes the postpetition fees and costs associated with Peoples Bank's motion to modify stay. Pursuant to 11 U.S.C. § 506(b), "[t]o the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."

Under § 506(b), Peoples Bank has the burden to show that it is entitled to reasonable fees under an agreement or applicable state statute. In addition, Peoples Bank must satisfy the requirements of this Court's Montana Local Bankruptcy Rule 2016-1(f), which provides:

> (f) If a creditor wishes to recover reasonable postpetition fees, postpetition costs, or postpetition charges provided for under the agreement under which the claim

---

[1] Pursuant to 11 U.S.C. § 502 and after an objection is made to a claim, the Court shall "determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1).

arose as a portion of the creditor's allowed claim, the professionals retained by such creditor must file a fee application in accordance with the standards set forth in 11 U.S.C. § 330 and F.R.B.P. 2016(a). Reasonable fees and expenses of such professionals may be allowed by the Court as a portion of the creditor's allowed claim. Prepetition fees, prepetition costs, or prepetition charges incurred prior to the date of debtor filing the bankruptcy petition shall be itemized in the creditor's proof of claim. If professional fees and costs do not exceed $500.00 for the filing of a motion for relief from the automatic stay pursuant to Mont. LBR 4001-1(a), such fees and costs shall be presumed to be reasonable, and no application for the same will be required and no order authorizing such fees and costs shall be necessary.

The Ninth Circuit construed § 506(b) *In re Kord Enterprises II*, 139 F.3d 684, 687, 689 (9th Cir. 1998):

> Section 506(b) provides:
>
>> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement [or State statute][2] under which such claim arose.
>
> § 506(b). Both parties agree that the Bank was an oversecured creditor and thus came within the purview of § 506(b). The language of that section is clear. The creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. *See, e.g., Takisaki v. Alpine Group, Inc. (In re Alpine Group, Inc.)*, 151 B.R. 931, 935 (9th Cir. BAP 1993); *Meritor Mortgage Corp., West v. Salazar (In re Salazar)*, 82 B.R. 538, 540 (9th Cir. BAP 1987).

Peoples Bank's Application for professional fees and costs is subject to the longstanding rule of this Court for the allowance of attorney fees under § 506(b), which by its plain language as well as the plain language of LBR 2016-1(f), require that fees and costs be "reasonable." Peoples Bank and Debtor do not dispute that Peoples Bank has an allowed secured claim, to

---

[2] The phrase "or State statute" was added by amendment by the time of the *Travelers* decision. 549 U.S. at 454, 127 S.Ct. at 1207.

which Debtor has never objected or challenged the validity of its lien.  Similarly, the parties agree that Peoples Bank has at all times in this case been oversecured.  The parties also appear to agree that Peoples Bank's attorney fees and costs are provided for under an agreement, even though this Court has not seen such agreement.[3]  Debtor only objects to that portion of Peoples Bank's fee request that is associated with filing and prosecuting its motion to modify stay on grounds such fees and costs were neither necessary nor reasonable.

This Court has awarded reasonable attorney's fees under § 506(b) to oversecured creditors who found it necessary to engage counsel to defend their secured status.  *In re Copper King Inn*, 10 Mont. B.R. 146, 148 (Bankr. D. Mont. 1991).  In the instant case Peoples Bank's secured status as represented in its Proof of Claim was never challenged.  Peoples Bank was never required to engage counsel to defend its secured status, but it was required to engage counsel to ensure that the Debtor satisfied the confirmation requirements regarding treatment of Peoples Bank's claim under § 1225(a)(5).

What constitutes "reasonable attorney's fees" is discussed *In re Hungerford,* 19 Mont. B.R. 103, 136-138 (Bankr. Mont. 2001), *quoting In re Huhn*, 145 B.R. 872, 876 (Bankr. W.D.

---

[3] The United States Supreme Court has concluded that § 506(b) applies to oversecured claims and that:

> The natural reading of the phrase entitles the holder of an oversecured claim to postpetition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement. Recovery of postpetition interest is unqualified. Recovery of fees, costs, and charges, however, is allowed only if they are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, postpetition interest is the only added recovery available.

*U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989).

5

Mich. 1992):

> Pursuant to Bankruptcy Code § 506(b), a secured creditor is allowed only "reasonable attorney fees". In making a fee determination, the court must consider not only the fee agreement, but the overall fairness and reasonableness of the fee under all of the circumstances. *In re K-Fab, Inc.*, 118 B.R. 240, 242 (Bkrtcy.M.D.Pa.1990) (*citing Lund v. Affleck*, 587 F.2d 75 (1st Cir.1978)).
>
> "Reasonable" fees are those necessary to the collection and protection of a creditor's claim. *In re PCH Assoc.*, 122 B.R. at 204; *In re Kroh Bros.*, 105 B.R. at 521. They include fees for those actions which a similarly situated creditor might have taken. *In re Riker*, 122 B.R. at 970.
>
> In *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162, 169 (Bkrtcy.S.D.N.Y.1985), the court held that "it is inherently unreasonable to ask a debtor to reimburse attorneys' fees incurred by a creditor that are not cost-justified either by the economics of the situation or necessary to preservation of the creditor's interest in light of the legal issues involved." (quoted with approval in *In re Rubenstein*, 105 B.R. at 203; *In re Kroh Bros.*, 105 B.R. at 521).
>
> An oversecured creditor is not entitled to compensation for its attorneys' fees for every action it takes by claiming that its rights have been affected. *In re Kroh Bros.*, 105 B.R. at 521. "[W]here services are not reasonably necessary or where action is taken because of an attorney's excessive caution or overzealous advocacy, courts have the right and the duty, in the exercise of their discretion, to disallow fees and costs under § 506(b)." *In re Riker*, 122 B.R. at 973 (*quoting In re Wonder Corp. of America*, 72 B.R. 580, 591 (Bkrtcy.D.Conn.1987), *aff'd*, 82 B.R. 186 (D. Conn. 1988)).

*See also In re Digital Products Corp.*, 215 B.R. 478, 482 (Bankr. S.D. Fla. 1997).

Considering all the circumstances, the Court finds that the fees and costs associated with filing and prosecuting the motion to modify stay were not reasonably necessary for the protection of Peoples Bank's secured claim, but rather, were taken by Peoples Bank because of excessive caution or overzealous advocacy, as a result of which this Court has the right and the duty in the exercise of its discretion to disallow fees and costs under § 506(b). *Riker*, 122 B.R. at 973; *Digital Products Corp.*, 215 B.R. at 482. Until the instant fee dispute, Debtor did not challenge the validity or priority of Peoples Bank's claim. Moreover, Peoples Bank conceded that it was

6

significantly oversecured. Nevertheless, Peoples Bank proceeded to file a motion to modify stay, arguing only that a two month attempt by Debtor to fix a Chapter 13 eligibility issue constituted an unreasonable delay. The Court disagreed that Debtor's delay was unreasonable and for that reason, the Court finds that the attorney's fees incurred by Peoples Bank on 06/05/09, 06/18/09, 07/07/09, 07/07/09, 07/08/09, 07/13/09 and 07/14/09 do not reflect reasonable fees that should be paid by the bankruptcy estate. The same holds true for the $150.00 that Peoples Bank spent filing its motion to modify stay and for the $70.00 that Peoples Bank's counsel has billed as mileage for driving to the hearing on the motion to modify stay. Thus, with regard to the associated fees totaling $1,892.50 and cost of $220.00, Debtor's objections are sustained and the above services and corresponding fees and costs are disallowed.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 12 case under 28 U.S.C. § 1334(a).

2. Peoples Bank's Application for Professional Fees is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Court concludes that the reasonable amount of attorney fees allowable to Peoples Bank for its attorney John Grant under § 506(b) is $16,691.75 and the reasonable amount of allowable costs is $88.34; the Court disallows $1,892.50 in fees and $220.00 in costs from Peoples Bank's Application as not reasonable. Accordingly,

IT IS ORDERED that the Application for Professional Fees and Costs filed on behalf of Peoples Bank of Deer Lodge on December 16, 2010, is approved in part and denied in part; and John H. Grant is awarded reasonable attorneys fees in the total sum of $16,691.75 and costs of $88.34 as attorney for oversecured creditor Peoples Bank of Deer Lodge pursuant to 11 U.S.C. §

506(b).

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana